E0528 - J30

EXHIBIT A

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| TWEEN BRANDS AGENCY, INC.<br>8323 Walton Parkway<br>New Albany, Ohio 43054-9522<br><br>    Plaintiff,<br><br>v.<br><br>HAIRY ENTERTAINMENT, LLC<br>887 West Marietta Street<br>Suite S-111<br>Atlanta, Georgia 30318-5252<br><br>    <u>Also serve</u>:<br>    Craig Kronenberger<br>    Registered Agent<br>    887 West Marietta Street<br>    Suite S-111<br>    Atlanta, Georgia 30318-5252,<br><br>    -and-<br><br>CRAIG A. KRONENBERGER<br>1349 Middlesex Avenue<br>Atlanta, Georgia 30306-3278<br><br>    Defendants. | Case No.<br><br>10CVH 11 16255<br><br>**JURY DEMAND<br>ENDORSED HEREON** |

## COMPLAINT

Plaintiff Tween Brands Agency, Inc. ("Tween"), by its attorneys, and for its Complaint against Defendants Hairy Entertainment, LLC ("Hairy") and Craig Kronenberger ("Kronenberger"), avers and states as follows:

30

CLEVELAN - 3214514.2

E0528 - J31

## PARTIES, JURISDICTION, AND VENUE

1. Tween is an Ohio corporation with its principal place of business located at 8323 Walton Parkway, New Albany, Ohio 43054.

2. Hairy is a Georgia limited liability company, with its principal place of business located at 887 West Marietta Street, Suite S-111, Atlanta, Georgia 30318.

3. Craig Kronenberger is an individual residing at 1349 Middlesex Avenue, Atlanta, Georgia.

4. This Court has jurisdiction over Defendants pursuant to Ohio Revised Code §2307.382(A) as Defendants have, among other things, transacted business in the State of Ohio.

5. This Court is the proper venue for this action pursuant to Civ. R. 3(B)(1), as Franklin County is the county in which the actions giving rise to this Complaint took place.

## FACTUAL BACKGROUND

6. Tween is the marketing affiliate of Tween Brands, Inc., the leading specialty clothing retailer that sells and markets apparel and other products to girls between the ages 7 through 14.

7. Tween provides marketing opportunities for certain of its business partners in the "Limited Too" and "Justice" clothing stores owned by Tween Brands, Inc.

8. Those marketing services include, among other things, commercial advertisements of third-party products and services on the "Tween Network," an entertainment channel that plays on television screens located throughout the Justice stores, as

-2-

CLEVELAN - 3214514.2

E0528 - J32

well as through the placement of advertising posters located in the dressing rooms of those stores.

9. Tween also provides advertising, marketing and/or promotional opportunities to its partners through its "catazine," a print publication with a circulation of approximately 2,250,000 girls between the ages of 7 and 14.

10. In late 2009, Tween was approached by Mr. Kronenberger about his company, Hairy, that promotes the "Xeko" trading card game and plush toys, products marketed to boys and girls in the same age demographic as Tween's target age demographic. The "Xeko" brand is the key asset of Hairy.

11. Mr. Kronenberger and Hairy sought to use Tween's marketing channels to help them publicize and promote the Xeko brand.

12. As a result of negotiations between the parties, on or about January 27, 2010, Tween and Hairy entered into a License and Marketing Agreement (the "Agreement"), whereby Tween agreed to market and advertise the Xeko game on the Tween Network, in the 2010 editions of the catazine, on fitting room posters, on in-store handouts, and online through its website. (A true and accurate copy of the Agreement is attached hereto as Exhibit A.)

13. Pursuant to the terms of the Agreement, Hairy agreed to pay Tween a total promotional fee of One Million and 00/100 Dollars ($1,000,000), with $100,000 due on or before January 29, 2010; $100,000 due on or before February 15, 2010; and the balance of $800,000 due in eight (8) equal payments beginning on or before March 1, 2010 and continuing on the first of each month through October 1, 2010.

-3-

14. Unbeknownst to Tween at this time, Mr. Kronenberger and Hairy were experiencing severe financial difficulties.

15. After the execution of the Agreement, Mr. Kronenberger requested that Tween ship certain Xeko-branded plush toys which were being used in the Justice stores to Hairy so that Hairy could replace those products.

16. Mr. Kronenberger assured Tween that Hairy would be able to promptly reimburse Tween for the costs associated with the shipping and delivery of that product.

17. Mr. Kronenberger further assured Tween that Hairy had the funds available in an escrow account and that those funds could be used to reimburse Tween for those expenses.

18. Upon information and belief, Mr. Kronenberger knew that Hairy did not have those funds and would not have those funds available to reimburse Tween at the time that he made those assurances to Tween.

19. Relying on Mr. Kronenberger's assurances and acting in good faith, Tween shipped and delivered those toys to Hairy, incurring costs and expenses of approximately $110,000 as a result.

20. As of the date of this Complaint, Hairy has still failed to compensate Tween for these additional shipping costs despite demands by Tween that such amount be paid.

21. Hairy has also failed to make regularly monthly payments due and owing under the Agreement since March 1, 2010. As a result, $700,000 of the $1,000,000 has still not been paid to Tween by Hairy.

CLEVELAN - 3214514.2

E0528 - J34

22. In or around September 2010, Tween's representative, Leslie Armour, spoke with Mr. Kronenberger about the outstanding amounts due Tween. Mr. Kronenberger advised Ms. Armour that Hairy was out of money and that it would be "turning out the lights."

23. However, after that call, Mr. Kronenberger approached Ms. Armour about a new project he was heading up for a new company that he had recently created.

24. Despite Mr. Kronenberger's claim that Hairy was going out of business and turning out the lights, the website for Xeko remains up and running and was still accepting and/or selling orders for Xeko products as of October 20, 2010. (A copy of the Xeko website is attached hereto as Exhibit B).

25. Mr. Kronenberger owns and/or operates several other entities which may be the transferee(s) of Hairy's assets, including, without limitation, Good Egg Studios, Inc. and Zadia, Inc.

## COUNT ONE – BREACH OF CONTRACT AGAINST HAIRY

26. Tween hereby incorporates the above paragraphs as if fully rewritten herein.

27. The Agreement constitutes a valid and enforceable contract between Tween and Hairy.

28. Tween performed all of its obligations under the Agreement, including, without limitation, marketing the Xeko product in its various media outlets pursuant to the terms of the Agreement.

29. Hairy failed to perform its obligations under the Agreement by, among other things, failing to pay the entire promotional fee of $1,000,000 as agreed to by the parties under the Agreement.

-5-

CLEVELAN - 3214514.2

30. In addition, Hairy has failed to reimburse Tween for shipping and delivery costs that it incurred at Hairy's request in excess of $110,000.

31. As a result of Hairy's breach of contract, Tween has been damaged in an amount in excess of $800,000, which will be further proven at trial.

## COUNT TWO – UNJUST ENRICHMENT AGAINST HAIRY AND KRONENBERGER

32. Tween hereby incorporates the above paragraphs as if fully rewritten herein.

33. Tween conferred a benefit upon Hairy and Mr. Kronenberger by displaying and marketing the Xeko products in its various media outlets and in the Justice stores.

34. Hairy and Mr. Kronenberger were aware of this benefit being conferred upon them by Tween.

35. Hairy and Mr. Kronenberger improperly and unjustly retained the benefit conferred upon them by Tween, as they have failed to pay all amounts due and owing to Tween.

36. Their retention of Tween's benefit constitutes an unjust enrichment.

37. As a result of that unjust enrichment, Tween has been damaged in an amount in excess of $800,000, which will be further proven at trial.

## COUNT THREE – FRAUD AGAINST KRONENBERGER

38. Tween hereby incorporates the above paragraphs as if fully rewritten herein.

39. At a time that Hairy was in dire financial straits and when he was searching for ways out of his own personal financial obligations, Mr. Kronenberger, on his own behalf, knew that he needed to exchange new Xeko plush toys for the defective Xeko plush toys that were being displayed and sold at Tween's various stores.

-6-

CLEVELAN - 3214514.2

40. To induce Tween to help Mr. Kronenberger navigate through this situation and avoid expending funds to switch those dolls, Mr. Kronenberger represented to Tween that Tween would be promptly reimbursed for any and all costs and expenses associated with the return and delivery of the defective Xeko plush toys and further represented Tween to believe that funds were available in an escrow account that would be used to reimburse Tween.

41. Tween had no obligation to incur the costs to ship and deliver the defective Xeko plush dolls, as Hairy had agreed to assume those obligations under the representations and warranties found in Paragraph 5 of the Agreement.

42. Mr. Kronenberger's representations were material to the decision of Tween to ship and deliver those goods.

43. At the time he made those representations, Mr. Kronenberger knew it to be false or it was made with such utter disregard and recklessness about its falsity that knowledge should be found.

44. Tween reasonably relied on Mr. Kronenberger's representations to its detriment by, among other things, incurring costs and charges of nearly $110,0000.

45. As a direct and proximate result of Mr. Kronenberger's false representations, Tween Brands has been damaged in an amount to be determined at trial in excess of $25,000.00.

46. In addition, as a result of Mr. Kronenberger's malicious, recklessness and conscious disregard of Tween's rights, Tween is further entitled to an award of punitive damages against Mr. Kronenberger.

E0528 - J37

## FOURTH CLAIM FOR RELIEF – FRAUDULENT TRANSFER

47. Tween hereby incorporates the above paragraphs as if fully rewritten herein.

48. As demonstrated above, Tween is a creditor of Hairy's pursuant to R.C. 1336.01, the Ohio Fraudulent Transfer Act ("OFTA").

49. Upon information and belief, Hairy and/or Mr. Kronenberger has transferred assets to other entities with the actual intent to hinder, delay, and/or defraud Tween by ensuring that the payments due and owing to Tween are never made.

50. Any such transfers made by Hairy and/or Mr. Kronenberger were done without them receiving a reasonably equivalent value for the same.

51. Given Mr. Kronenberger's ownership interest in and/or control over other entities, such transfers were likely made to an "insider" as defined by the OFTA.

52. Any such transfer was specifically not disclosed to Tween, and Mr. Kronenberger, on behalf of Hairy, even made several representations to Tween that Hairy's financial condition was secure and that funds had been placed into an escrow account to fulfill certain obligations to Tween.

53. Such transfer would have been of substantially all of Hairy's assets.

54. Immediately or shortly after such transfers were made by Hairy, it became insolvent, as told to Tween's representatives by Mr. Kronenberger.

55. As remedy for such fraudulent transfers, Tween is entitled to an avoidance of the transfers, an attachment and/or garnishment against the transferred assets and other property of the transferee, an injunction against further disposition by Hairy and the transferee of any

E0528 - J38

transferred or other assets, punitive damages, attorneys' fees, and any other further relief that the Court deems just and equitable.

WHEREFORE, Plaintiff Tween Brands Agency, Inc. demands judgment in its favor and against Defendants Hairy Entertainment, LLC and Craig Kronenberger as follows:

1. On Count One (Breach of Contract) – Damages against Hairy and Kronenberger in an amount in excess of $800,000, which will be further proven at trial, plus all costs, attorneys' fees, and other expenses to which Tween is entitled;

2. On Count Two (Unjust Enrichment) – Damages against Hairy and Kronenberger in an amount in excess of $800,000, which will be further proven at trial, plus all costs, attorneys' fees, and other expenses to which Tween is entitled;

3. On Count Three (Fraud) - Damages against Kronenberger in an amount in excess of $25,000, which will be further proven at trial, plus all costs, attorneys' fees, and other expenses to which Tween is entitled;

4. On Count Four (Fraudulent Transfer) – Damages against Hairy and/or the transferee of any of Hairy's assets in an amount in excess of $25,000, which will be further proven at trial, plus all costs, attorneys' fees, and other expenses to which Tween is entitled, an avoidance of any fraudulent transfers, an attachment and/or garnishment against the transferred assets and any other property of the transferee, an injunction against further disposition of assets by Hairy and any transferee, and punitive damages;

5. Any and all such other further relief to which Tween may be entitled and which this Court finds to be just and proper.

E0528 - J39

Respectfully submitted,

John F. Marsh (0065345)
Phillip G. Eckenrode (0084187)
Hahn Loeser & Parks LLP
65 State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 221-0240
Facsimile: (614) 221-5909
E-mail: jmarsh@hahnlaw.com
 peckenrode@hahnlaw.com

*Attorneys for Plaintiff Tween Brands Agency, Inc.*

## JURY DEMAND

Plaintiff hereby demands trial by jury on all applicable issues, claims and/or defenses.

John F. Marsh (0065345)